# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARAN JIT SINGH, | ) CV F 04-5718 OWW WMW HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS RE DISMISSAL FOR FAILURE TO COMPLY |
| v. | ) WITH LOCAL RULE 83-183 |
| JOHN ASHCROFT, et al., | ) |
| Respondents. | ) |

  Petitioner, at least formerly in the custody of the Bureau of Immigration and Customs Enforcement (BICE) and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition alleges that the continued detention of Petitioner violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority. Pursuant to the court's order, Respondent filed a response to the petition on July 22, 2004.

  On January 27, 2005, the court entered findings and recommendations in this case, recommending that the petition for writ of habeas corpus be denied.  On February 7, 2005, the copy of the findings and recommendations mailed to Petitioner was returned with the notation, "RETURN TO SENDER - NOT IN CUSTODY."  Petitioner has not provided the court with a

1

1  change of address since that time and has not responded to the findings and recommendations
2  issued by the court.
3      Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these
4  Local Rules or with any order of the Court may be grounds for the imposition by the Court of
5  any and all sanctions . . . within the inherent power of the Court."  District courts have the
6  inherent power to control their dockets and "in the exercise of that power, they may impose
7  sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
8  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a
9  party's failure to prosecute an action, failure to obey a court order, or failure to comply with
10 local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for
11 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
12 (dismissal for failure to comply with an order requiring amendment of complaint); Malone v.
13 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court
14 order).
15     In this case, Petitioner has failed to comply with Local Rule 83-183(b), which provides as
16 follows:

> A party, appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

As stated above, the copy of the findings and recommendations mailed to Petitioner was returned on February 7, 2005 with the notation, "RETURN TO SENDER - NOT IN CUSTODY."  Sixty days have now passed and Petitioner has not notified the court of a change of address.  It is impossible for this case to continue without the participation of Petitioner.  Further, the fact that Petitioner's copy of the findings and recommendations was returned with an indication that Petitioner is no longer in custody provides a rational explanation basis for the court to believe that Petitioner no longer wishes to proceed with this litigation.  Accordingly, the court will recommend dismissal of this case without prejudice to Petitioner's right to renew this action

1 should he desire to do so.

2     Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice to Petitioner's right to renew this action for failure to comply with Local Rule 83-183(b).

    These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 2, 2005**            /s/  **William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE